Chief Juatijoe Robertson,
delivered the Opinion of the Court.
Judge Nicholas did not sit.
To an action on the case, instituted by Sarah Ann Wriston against Asa Lacy, for seducing her daughter Polly Wriston, whilst in her service, the defendant pleaded in bar of the further prosecution of the suit — that since the last continuance, to-wit “On the 20th day of February, 1830, at the circuit aforesaid, the said plaintiff compromised said suit, and by iier instrument of writing, acknowledged herself satisfied in full for the cause of action aforesaid, and by the same writing directed the clerk of the Christian circuit court to dismiss the said suit, by said defendant paying one-half of the costs which had accrued in all on said suit, except lawyers’ fees; which said writing is now here to the court shewn; the date whereof is the day and year aforesaid, and concluded with appropriate averment, of payment of one-half of the costs which had accrued.
The plaintiff replied, in substance, that the defendant had not paid one-half of the costs as he bad alledged.
A jury empannelledtotry the issue having returned a verdict for the plaintiff for $350, in damages, the circuit court arrested the judgment, and the plaintiff lading to plead over, final judgment was rendered against her.
The only reason assigned for the arrest is the aliedged immateriality of the issue: and as the decíaration is sufficient, there can be no good cause for the arrest, unless the plea be good, and the replication be bad — for if the plea be insufficient, the defendant could not take advantage of the immatersality in the issue resulting from his own fault; and if both the plea and the replication be substantially good, the issue was material,' '
When there was no oyer craven oi .t writing mentioned in u plea, such writing docs not constitute a part of the record; and it will be taken to be such a writing a- it is described, in the plea, to be.
A mere a^reement to ¿üfnotS * is ble.PCa a" To constitute a bar to the prosecution of a suit, there oord.astothe whole cause of notion, for valuable consideration actnallv roceiv ed from the defendant. .
As there was no oyer of the writing, it is no part of the record, and must he taken to be as it is described in the plea. Admitting every thing alledged in the plea, the writing was not an extinguishment of the cause of action, but could operate only as evidence in support of the allegation that the plaintiff had compromised the suit — received some satisfaction — and directed the clerk to dismiss the suit. The plea therefore unnecessarily referred to the It was not a release.
The subject matter of the plea is an alledged accord and satisfaction: and if all its allegations taken together do not shew such an accord and satisfaction as should have barred the further prosecution of the suit, the plea is fatally defective. A mere agreement to dismiss the suit was not pleadable:— to constitute a bar there must have been an accord, as to the whole cause of action, for a valuable consideration actually received from the defendant. It may be doubted whether the jilea jiresents any such ground of defence. It docs not aver what satisfac^on *lac^ keen rcceivecL it does not even allcdge directi y that any satisfaction had been received, or that there was even any valuable consideration for the agreement. It barely suggests that the plaintiff Emitted, thtit she had been “satisfied in full,” and directed the suit to be dismissed on jiayment by the defendant, of one half of the costs which had accrued. Nor is there even an intimation that the satisfaction, (if any) had been received from the defendant, unless the jiayment of his half of the costs could be deemed a legal satisfaction: but that is not stated in the plea as the actual consideration of the agreement, or as the alledged satisfaction1, and we doubt whether it could beso considered, or whether, if so considered, it could be deemed a legal satisfaction of the cause of action. But if the jilea be good, it can be so only on the hypothesis that the jiayment of half the costs was a condition precedent to the dismission of the suit: and then the condition traversing the jiayment would certainly be responsive to the jilea, and the issue would be material. The replication does not help the ¡ilea nor sujiply any of *221 its defects; it only admits that the plaintiff had said in writing that she was satisfied; but how, or by whom, cannot be inferred, so as to enable the court to decide on the face of the plea that the satisfaction was sufficient to bar the further prosecution of the suit. It is not therefore necessary to decide on the sufficiency of the plea; because if it be good the replication is also good; and if the plea be bad, the circuit court ought to have arrested the judgment on the verdict; and therefore, in any event, the judgment is erroneous.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded with instructions to enter judgment on the verdict of the jury.
Brown, for plaintiff; J\forehead, for defendant,